Frank Gorney, by Wojciech Gorney, his next friend, Defendant in Error, v. Piotr Szynkiewicz and Mrs. Piotr Szynkiewicz, Defendants.

Mrs. Piotr Szynkiewicz, Plaintiff in Error.

### Gen. No. 17,263.

1. EVIDENCE—*excluded where question is for jury.* In an action for injuries alleged to have been received when a stairway placed against a wall by the landlord fell on plaintiff, it is not error to exclude testimony as to whether prior to the accident, it seemed likely to fall, since whether the landlord should have known of that probability is for the jury from all the circumstances.

2. NEGLIGENCE—*maintenance of premises.* A finding that defendant did not exercise reasonable care to maintain steps in a reasonably secure position, and that it might reasonably have been expected that they would fall if jostled, is warranted where they were placed against a wall, in a nearly perpendicular position without being secured, though there was evidence that cinders were placed around the bottom.

3. NEGLIGENCE—*sufficiency of evidence.* A verdict for plaintiff is not against the manifest weight of evidence where two relatives of plaintiff testify that steps placed in a passageway by defendant's husband with her knowledge fell upon him, and defendant and two

relatives testify that plaintiff was injured while playing some distance away.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the HON. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 7, 1912.

JOHNSON & BELASCO, for plaintiffs in error.

FRANCIS X. BUSCH and FRANK A. ROCKHOLD, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

The defendant in error, hereinafter called plaintiff, obtained a judgment against the plaintiff in error, hereinafter called defendant, for the sum of $250 on account of personal injuries sustained by plaintiff, who was a child six years of age at the time of the accident.

The defendant, Mrs. Szynkiewicz, owned a building at 1324 Rawson street, Chicago, occupied by tenants, including the parents of the child which was injured. The parents lived on the second floor in the rear. Previous to September, 1909, a wooden sidewalk was on the street in front of the premises, and leading from this wooden sidewalk was a stairway of five or six steps, leading downward, four feet wide and five to six feet long, to a gangway on the west side of the building about forty-five feet long. The east side of this passage was the wall of defendant's building; the west side was the wall of another building. This passageway was used in common by the tenants, their families, visitors, etc., as a common passageway. In September, 1909, the wooden sidewalk was torn up and replaced with a cement sidewalk. The stairway leading into the passageway was removed and placed in the passageway against the wall of defendant's building. This was done by defendant's husband, and with the knowl-

edge of the defendant herself.  It remained there in that condition up to the time of the accident, which was on November 13, 1909, and during this time people continued to use the passageway, reaching the sidewalk by a cinder embankment.  It is claimed by the plaintiff that while the child, Frank Gorney, was passing through the passageway the steps fell upon him and broke his arm.

Defendant urges in this court that the judgment must be reversed, first in that the court erred in refusing to permit a witness for the defendant to testify as to how the stairway appeared previous to the accident, with reference to whether or not it was likely to fall.  We have examined the authorities cited by defendant's counsel in support of this point, but find no authority holding that such opinion evidence is proper.  The cases cited only go to the extent of holding that a landlord should use ordinary care and diligence in keeping his demised premises in a condition of reasonable safety.  Whether or not the landlord should have known of the probability of the steps falling while in the condition in which they were placed was for the jury to determine from all the circumstances in evidence, and is a matter upon which the opinion of witnesses would be incompetent.  There was no error in the ruling of the trial court in this regard.

It is further urged that the mere falling of the stairway, without proof that previous to its falling the stairway was in an unsafe and dangerous condition and likely to fall, was not sufficient to make out a case against defendant, and that the court should have directed the jury to bring in a verdict of not guilty.  The evidence shows that the steps were standing straight, or very nearly so, up against the side of the house; that the upper end was close to the wall and the lower end "a little way from the wall."  It is obvious that the steps must have been placed in very nearly a perpendicular manner; otherwise they would have blocked the passageway.  Furthermore, they were not fastened or

secured in any way. While there is some evidence concerning cinders being placed around the bottom, yet from all the circumstances we think the jury was fully justified in finding that the defendant did not exercise reasonable care to place and maintain these steps in a reasonably secure position to prevent their falling, and that in view of their position, leaning as they did against the wall, it might reasonably have been expected that they would fall if jostled by any passerby.

It is also urged that the verdict of the jury is contrary to the weight of the evidence. There was a sharp conflict in the testimony as to just how the accident happened. The child was accompanied by an older sister, who testified that the steps fell on her brother and knocked him down, and that Mr. Szynkiewicz took the steps off of him. This is corroborated by the testimony of the child's mother that she heard him cry, opened the window and looked out and saw Szynkiewicz pick up the steps from the boy and stand them along the side of the wall of the building. Opposed to this is the testimony of Mr. and Mrs. Szynkiewicz and their fourteen year old son. They say that the Gorney boy was playing with a little wagon and that in some manner the wagon tripped him up and he fell on top of it, and that this happened a considerable distance away from the steps, and that the steps did not fall at all. In this condition of the evidence we are disposed to leave the question of the credibility of the witnesses to the jury, which saw them and was better able than is this court to determine which should be believed. We are not able to say that the jury in giving greater weight to the testimony of plaintiff's witnesses reached a conclusion manifestly against the weight of the evidence.

Complaint is made of instructions given by the court to the jury, but an examination of the instructions complained of and of the entire instruction shows that the particular matters objected to were cured by other

instructions given, so that taken as a whole the instruction of the court fairly and adequately informed the jury as to the law applicable to the facts in the case.

It is also urged that no negligence was shown, but what we have heretofore said disposes of this claim.

Taking the record as a whole, we discern no reason to disturb the verdict of the jury, and finding no reversible error in the rulings of the court or in instructions, the judgment will be affirmed.

*Affirmed.*